**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**DENVER DIVISION**

**CIVIL NO. 1:19-cv-2344**

**PATRICK BURSEY, Individually and On**
**Behalf of All Others Similarly Situated,**

**Plaintiff,**

**V.**

**CUSHMAN & WAKEFIELD, INC., and**
**CUSHMAN & WAKEFIELD OF**
**COLORADO, INC.,**

**Defendants.**

**JURY TRIAL DEMANDED**

---

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT & JURY**
**DEMAND**

---

<u>**SUMMARY**</u>

1.      Defendants Cushman & Wakefield, Inc. and Cushman & Wakefield of Colorado,

Inc. ("Defendants") required Plaintiff Patrick Bursey ("Plaintiff") to work more than forty (40)

hours in a workweek as Property Appraiser. Defendants misclassified Plaintiff and their other

Appraisers as exempt employees but did not pay them a salary.  Instead, Defendants compensate

their property Appraisers through a draw compensation system that does not qualify as a salary

under the Fair Labor Standards Act ("FLSA") or Colorado state law.

2.      Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

3.      Plaintiff brings a collective action to recover unpaid overtime compensation owed to him individually and on behalf of all current and former Appraisers who performed work for Defendants throughout the United States during the three-year period before the filing of this Complaint up to the date the court authorizes notice.

4.      Plaintiff also brings his claims under the Colorado Wage Claim Act, *see* COLO. REV. STAT. §§ 8-4-101, *et seq.* ("CWCA") for Defendants' failure to pay Plaintiff, and other similarly-situated persons, all earned overtime for work performed in Colorado.  Plaintiff brings these state law claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## SUBJECT MATTER JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1332(d)(1).

6.      This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.

7.      Venue is proper in the District of Colorado, Denver Division because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

8.      Plaintiff Patrick Bursey is an individual residing in Arapahoe County, Colorado. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

9.      The "FLSA Class Members" are all current and former Appraisers who performed work for Defendants throughout the United States during the three-year period before the filing of this Complaint that were paid on a draw system.

10.     The "Colorado Class Members" are all current and former Appraisers who performed work for Defendants throughout the state of Colorado during the three-year period before the filing of this Complaint that were paid on a draw system.

11.      Defendant Cushman & Wakefield, Inc. is a foreign corporation doing business throughout the United States including Colorado.  Defendant is licensed and registered to do business in Colorado.  Defendant may be served with process through its registered agent The Corporation Company, 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112.

12.     Defendant Cushman & Wakefield of Colorado, Inc. is a domestic corporation doing business throughout the United States including Colorado.  Defendant is licensed and registered to do business in Colorado.  Defendant may be served with process through its registered agent The Corporation Company, 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112

## COVERAGE

13.     At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

14.     At all material times, Defendants have been an employer within the meaning of CO. REV. STAT. § 8-4-101(5) and the applicable Colorado Minimum Wage Orders.

15.     Defendants are a commercial support service company within the meaning of the applicable Colorado Minimum Wage Orders because they are a business or enterprise that is directly or indirectly engaged in providing service to other commercial firms through the use of service employees such as Plaintiff and the Class Members.

16.     Defendants are a service company within the meaning the applicable Colorado Minimum Wage Orders because they are a business or enterprise that offers a service for sale and generate more than 50% of their income from those services.

17.     Defendants are not a retail or service establishment for purposes of the FLSA's 207(i) exemption.

18.     At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

19.     At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

20.     Furthermore, Defendants have an annual gross business volume of not less than $500,000.

21.     At all material times, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

22.     At all material times, Plaintiff and Class Members were employees of Defendants with the meaning of CO. REV. STAT. § 8-104-101(4) and the applicable Colorado Minimum Wage Orders.

23.     Defendants are joint employers and operate a single enterprise under the FLSA. Defendant Cushman & Wakefield, Inc. owns and controls Defendant Cushman & Wakefield of Colorado, Inc.   They share officers and directors.   They share control over hiring, firing, advertising, and overhead decisions.  Moreover, the operations of the companies are intermingled.

That is, they employ the same workers and have the same business purposes—to perform property appraisal and valuation services.  Further, the companies share the same clients and customers.

## FACTS

24.     Defendants are a commercial real estate company that operates throughout the United States, including in Colorado.

25.     Defendants provide valuation and appraisal services for commercial properties. They work with lenders to complete property valuations and appraisals in conjunction with purchase and refinancing loans.

26.     Plaintiff worked for Defendants as an Appraiser from approximately April of 2018 to April of 2019.

27.     Plaintiff typically worked well in excess of 40 hours a week.  His work weeks typically exceeded 55 or 60 hours, but Defendants did not pay him any overtime.

28.     Defendants paid Plaintiff and hundreds of other Appraisers nationwide through an alleged "recoverable draw" compensation system.  This system does not include an overtime component.

29.     Under this compensation system, Defendants require their Appraisers to, as part of their standard employment practices, to sign an alleged promissory note under which the Appraiser agree to pay the Defendants an amount of money equal to his or her annual compensation. Defendants then paid their Appraisers a bi-monthly loan against this amount.

30.     The alleged promissory note violates the FLSA because it is an alleged agreement to work for less than minimum wage.

31.     The alleged promissory note that Defendants require their Appraisers to execute permits, *inter alia*, Defendants to, upon demand, recover the entire balance of the advanced sum at any time, including after the Appraiser stops working for Defendants.

32.     Here, Defendants have demanded that Plaintiff repay his draw amounts after his employment with Defendants ended.

33.     Defendants' Appraisers generate fees by performing their appraisals.  A portion of these fees are taken by Defendants to cover overhead and administrative expenses as well as other employment expenses.  A portion of the appraisal fees are earmarked for Appraiser compensation. When the appraisal fees generated by an Appraiser exceed his or her draw amount, the Appraiser is paid that balance as a bonus.  When the Appraiser's portion of the fees do not exceed the draw amount, a negative balance is carried forward as a debt which may be offset by future appraisal fees.  Defendants' standard employment agreement provides that any negative balance is due and payable by the Appraiser upon the termination of the Appraiser's employment.

34.     Defendants' employment agreement provides, in all capital letters, **"AMOUNTS ADVANCED TO EMPLOYEE AS DRAW PAYMENTS ARE LOANS TO BE REPAID TO C&W UPON DEMAND."**

35.     Defendants have requested such repayment from Plaintiff and many other Appraisers.

36.     Defendants cannot satisfy their burden that this draw system constitutes a salary within the meaning on the FLSA or the corresponding laws of Colorado.

37.     Defendants can also not satisfy their burden that Appraisers perform the types of duties that satisfy the overtime exemptions under federal or state law.

38.     Appraisers perform no sales.  They do not generate new loan business for Defendants.  Instead, they conduct appraisals of properties as such appraisals are assigned to them.

39.     Appraisers are line employees, not supervisors.  They have no ability to hire or fire and do not supervise other employees.  In fact, Appraisers work remotely, typically from home or traveling alone for extended periods of time.

40.     The primary duties of Appraisers consisted of routine mental work, dictated by detailed guidelines promulgated and enforced by Defendants.  Appraisers are required to follow a detailed checklist and retrieve or verify the required data for each appraisal they conduct.

41.     The reports created by the Appraisers are on forms provided by Defendants.  They are trained to apply Defendants' pre-established guidelines and procedures to complete these forms.  They are required to fill in the boxes on these forms with information dictated by Defendants, using data obtained in their property visits and obtained from electronic databases made available by Defendants.  Compliance with these procedures and guidelines removes any exercise of independent judgment and discretion.

42.     Plaintiffs work constitutes ordinary inspection work by which they have no independent judgment or discretion with regards to matters of significance.

43.     Furthermore, as an appraisal company, the appraisals generated by Defendants' Appraisers are the very product Defendants produces and sells to its customers.  Accordingly, the Appraisers are production, not administrative employees.  Their work does not involve nor is it related to the management of Defendants' business.

44.     Appraisers are also not "learned professionals" as defined by the FLSA.  Appraisal work does not require advanced knowledge acquired through a long course of specialized intellectual instruction.

45.     Under virtually identical facts, the Central District of California determined that Appraiser are non-exempt employees in *Boyd v. Bank of America Corp.*, 109 F. Supp. 3d 1273 (C.D. Cal. 2015).  That opinion addressed both the administrative and professional exemptions under both the FLSA and California law and found both to be inapplicable for Appraisers.

46.     Defendants are not a retail service establishment for purposes of the FLSA.

47.     Defendants do not sell goods or services to the general public.

48.     Defendants are not in an industry which sells goods or services to the general public.

49.     Defendants do not serve the everyday needs of the community in which it is located.

50.     Defendants do not dispose of its products in small quantities.

51.     Defendants are not at the very end of the stream of distribution.

52.     Defendants are not recognized as a retail sales or services establishment in a particular industry.

53.     Defendants do not have 75 percent of annual dollar volume of sales of goods or services (or both) which are recognized as retail in a particular industry.

54.     Over 75 percent of Defendants' annual dollar volume sales of services is for commercial appraising.

55.     Over 25 percent of Defendants' annual dollar volume sales of services is for commercial appraising.

56.     Defendants are in an industry which lacks a retail concept.

57.     Defendants' conduct, as set forth herein, was willful and in bad faith and has caused significant damage to Plaintiff and the Class Members.

58.     Defendants intentionally and/or with reckless disregard violated the FLSA by failing to pay these employees a free and clear wage.

59.     The wages paid to Plaintiff and Class Members are not free and clear because they require repayment even upon termination.

60.     Upon termination Plaintiff and Class Members had to repay Defendants if their total draws exceeded their total commissions.

61.     Plaintiff and Class Members were not paid a salary, because the draw paid was not paid free and clear.

62.     Because Plaintiff had to repay the money he received by way of a draw, he was not paid a guaranteed minimum amount of money per week.

63.     Class Members likewise had to repay the draw received.

**COUNT ONE**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**
**(COLLECTIVE ACTION)**
**<u>VIOLATION OF 29 U.S.C. § 207</u>**

64.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

65.     It is undisputed that Defendants failed to pay Plaintiff and FLSA Class Members one and one-half times their regular rate of pay for hours worked over forty.

66.     Defendants' practice of failing to pay Plaintiff and FLSA Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA.  29 U.S.C. § 207.

67.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff.

COUNT TWO
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY MINIMUM WAGE
(COLLECTIVE ACTION)
VIOLATION OF 29 U.S.C. § 206

68.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

69.    By requiring repayment of the "draw/loan" after termination, Defendants required Plaintiff and other appraisers to provide a kick-back to Defendants.  The wages paid to Plaintiff and other appraisers are not paid finally and unconditionally.  Accordingly, Defendants violated the FLSA by failing to provide wages free and clear.  *See* 29 C.F.R. § 531.35.

70.    In weeks when the Defendants only paid the Plaintiff and FLSA Class Members a draw/loan, there were no wages paid free and clear for those hours worked.  Accordingly, Defendants paid $0 wages which falls below the minimum wage. *See* 29 C.F.R. § 531.35.

71.    At all times relevant to this action, the FLSA required Defendants to pay at least $7.25 an hour for every hour its employees worked.  29 U.S.C. § 206(a).

72.    As described herein, Defendants failed to pay Plaintiff and the FLSA Class Members the minimum wage free and clear for all hours worked.

73.    Defendant's failure to pay the minimum wage to Plaintiffs and FLSA Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA.  As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

## COLLECTIVE ACTION ALLEGATIONS

74.    Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendants' misclassification of its employees.

75.     Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendants while performing work for Defendants including throughout Colorado.

76.     Other workers similarly situated to the Plaintiff work for Defendants throughout the United States but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

77.     Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40).

78.     Defendants have classified and continue to classify Class Members as exempt employees.

79.     Defendants have employed more than 400 other appraisers across the United States which perform work similar to that of Plaintiff and get paid in a similar manner as Plaintiff.

80.     Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt employees by Defendants.

81.     In the last three years, Defendants have employed over 200 appraisers nationwide to appraise residential dwellings.

82.     In the last three years, Defendants have employed over 200 appraisers nationwide to appraise commercial buildings.

83.     In the last three years, Defendants have paid over 200 other appraisers a draw vs commission.

84.     In the last three years, Defendants have required over 100 other appraisers to pay an alleged debt pursuant to a promissory note.

85.     In the last three years, Defendants have issued notices to over 100 other appraisers to pay an alleged debt pursuant to a promissory note.

86.     Class Members are not exempt from receiving overtime pay under the FLSA.

87.     As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

88.     Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

89.     The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of Class Members.

90.     The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

91.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

92.     Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

93.     As such, the class of similarly situated Plaintiffs is properly defined as follows:

> All current and former appraisers classified as exempt who were paid on a draw system throughout the United States during the three-year period before the filing of this Complaint up to the date the court authorizes notice.

## COUNT THREE:  VIOLATION OF COLORADO WAGE CLAIM ACT – OVERTIME (CLASS ACTION)

94. Plaintiff and the Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

95. The amounts paid to Plaintiff and Class Members was not vested.

96. At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the CWCA.  At all relevant times, Defendants have employed and continue to employ, "employees," including the Class Members and Plaintiff, within the meaning the CWCA.

97. As a result of the foregoing conduct, as alleged, Defendant have failed to pay overtime wages due under the CWCA and the Colorado Minimum Wage Act, *see* COLO. REV. STAT. § 8-4-101, *et seq.*, as implemented by the Minimum Wage Order, thereby violating, and continuing to violate, the CWCA.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

98. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff, on behalf of himself and on behalf of the Class Members, hereby demand payment as contemplated by the CWCA in an amount sufficient to reimburse Plaintiff and the Colorado Members for all unpaid overtime wages.

## COUNT FOUR:  VIOLATION OF COLORADO WAGE CLAIM ACT – MINIMUM WAGE (CLASS ACTION)

99. Plaintiff and the Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

100. The amounts paid to Plaintiff and Class Members was not vested.

101. At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the CWCA.  At all relevant times, Defendants have employed and continue to employ, "employees," including the Class Members and Plaintiff, within the meaning the CWCA.

102.    As a result of the foregoing conduct, as alleged, Defendant have failed to the minimum wage due under the CWCA and the Colorado Minimum Wage Act, *see* COLO. REV. STAT. § 8-4-101, *et seq.*, as implemented by the Minimum Wage Order, because Defendants do not pay wages free and clear, thereby violating, and continuing to violate, the CWCA.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

103.    As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff, on behalf of himself and on behalf of the Class Members, hereby demand payment as contemplated by the CWCA in an amount sufficient to reimburse Plaintiff and the Colorado Members for all unpaid overtime wages.

## CLASS ACTION ALLEGATIONS

104.    Plaintiff and the Colorado Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

105.    Plaintiff brings his overtime and minimum wage claims arising under the CWCA and the applicable Colorado Minimum Wage Orders  as a Rule 23 class action on behalf of the following class:

> All current and former appraisers classified as exempt who were paid on a draw system throughout Colorado during the three-year period before the filing of this Complaint.

106.    Although Plaintiff does not know the precise number of members of this proposed class, there are believed to number approximately sixty.

107.    The members of the class are so numerous that their individual joinder is impractical.

108.    The identity of the members of the class is readily discernible from Defendants' records.

109.    Plaintiff and the proposed class on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

110.    Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

a) Whether Plaintiff and the Class Members worked hours in excess of forty per work week;

b) Whether Plaintiff and the Class Members worked hours in excess of 12 per day;

c) Whether Plaintiff and the Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as proscribed by Colorado Law;

d) Whether Defendants paid wages free and clear to the Class Members;

e) Whether Defendants' policy of not paying wages free and clear results in non-payment of the state minimum wage;

f) Whether Defendants failed to properly classify Plaintiff and Class Members as nonexempt employees under Colorado Law.

111.    These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

112.    Plaintiff's claims are typical of the claims of the class because Plaintiff was not paid overtime wages in accordance with Colorado law and because Defendants classified him as an exempt employee and because Defendants did not pay him the minimum wage because his wages were not paid free and clear.

113.     Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the class will be fairly and adequately protected by Plaintiff and his counsel.

114.     The class action under Colorado state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## DAMAGES SOUGHT

115.     Plaintiff and the Class Members are entitled to recover their unpaid overtime and minimum wage compensation.

116.     Plaintiff and the Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

117.    Plaintiffs and the Class Members are entitled to recover attorney's fees and costs as required by the FLSA, the CWCA, and the Colorado Minimum Wage Act, as implemented by Colorado Minimum Wage Orders 28-35.  29 U.S.C. § 216(b); COLO. REV. STAT. § 8-6-118.

## JURY DEMAND

118.    Plaintiff, FLSA Class Members, and Colorado Class Members hereby demand trial by jury on all issues.

## PRAYER

119.    For these reasons, Plaintiff, FLSA Class Members, and Colorado Class Members respectfully request that judgment be entered in their favor awarding them the following:

   a.  Overtime compensation for all hours worked over forty in a workweek, twelve hours in a workday, or twelve consecutive hours at the applicable time-and-a-half rate;

   b.  Unpaid minimum wages;

   c.  Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA;

   d.  Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA and Colorado State law; and

   e.  Such other and further relief to which Plaintiff, FLSA Class Members, and Colorado Class Members may be entitled, at law or in equity.

Respectfully Submitted,

By: */s/ John Neuman*
Sosa-Morris Neuman, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Texas Bar Number 24083560
Phone: 281-885-8630
Facsimile: 281-885-8813
jneuman@smnlawfirm.com

Beatriz Sosa-Morris
Sosa-Morris Neuman, PLLC

17

5612 Chaucer Drive
Houston, Texas77005
Texas Bar Number 24076154 (will apply for
admission *pro hac vice*)
Phone: 281-885-8844
Facsimile: 281-885-8813
bsosamorris@smnlawfirm.com