# Exhibit 1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### DENVER DIVISION

**CIVIL NO. 1:19-cv-2344**

**PATRICK BURSEY, Individually and On Behalf of All Others Similarly Situated,**

**Plaintiff,**

**V.**

**CUSHMAN & WAKEFIELD, INC., and CUSHMAN & WAKEFIELD OF COLORADO, INC.,**

**Defendants.**

## SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, on August 16, 2019, Plaintiff Patrick Bursey (**"Plaintiff"** or **"Bursey"**) filed the above-captioned civil action (the **"Action"**) in the United States District Court for the District of Colorado (the **"Court"**), individually and on behalf of himself and all other similarly-situated current and former employees against Defendants Cushman & Wakefield Inc. and Cushman & Wakefield of Colorado, Inc. (**"Defendants"**) (together, the **"Parties"**);

WHEREAS, in the Complaint, Plaintiff asserts claims on behalf of himself and all similarly situated employees for alleged unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (**"FLSA"**);

WHEREAS, Plaintiff Bursey is the only opt-in Plaintiff for FLSA purposes;

WHEREAS, in the Complaint, Plaintiff asserts claims under the Colorado Wage Claim Act alleging unpaid overtime and minimum wage pursuant to COLO. REV.STAT. § 8-4-101, *et seq.* ("CWCA");

WHEREAS, Defendants deny Plaintiff's allegations and believe the claims asserted by Plaintiff are without merit;

WHEREAS, after the exchange of necessary documents and a lengthy negotiation process, the Parties agreed in principle to the terms of a settlement of the above-captioned pending Action on a class action basis;

WHEREAS, it is the desire of the Parties to fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in the pending Action to avoid incurring further burdens, expenses, and costs of litigation; and

WHEREAS, the Parties have agreed to settle the CWCA claims on behalf of Bursey and all putative Class Members, and separately settle only Bursey's FLSA claim, with the Class Members retaining any FLSA claims they may have.

NOW, THEREFORE, in consideration of the mutual covenants, promises and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

This Settlement Agreement and Release (the **"Agreement"**) is made and entered into by and between Plaintiff and Defendants. Once effective, this Agreement shall be binding on Defendants, Plaintiff and the Class Members who timely execute the Settlement Checks as provided herein. Those Class Members who do not execute a Settlement Check will not have their rights impacted in any way.  This Agreement is subject to the terms and conditions stated, and further shall not be effective without the approval of the Court or in the event that the Court makes material alternations to the terms of the settlement or this Agreement.

## I.    DEFINITIONS

1.    <u>Counsel</u>.  **"Class Counsel"** refers to Sosa-Morris Neuman, PLLC; and **"Defendants' Counsel"** refers to Vedder Price (CA), LLP, and Kutak Rock LLP.

2.    <u>Settlement Class</u>.  The **"Colorado Class Members"** or **"Class"** is defined as all current and former employees of Defendants who worked in Colorado as appraisers who were paid on a recoverable draw system at any point from three years prior to the filing of the lawsuit to present.  Colorado Class Members specifically includes Bursey and Employee ID Nos. 19, 25, 119, 173, 342, 350 and 501 from the class data provided to Class Counsel.  A **"Class Member"** is an individual falling within the definition of the Settlement Class. A list of all Class Members by Employee ID No. in addition to Bursey is contained in Section 6.b below. This list identifies each and every member of the Class other than Bursey and shall control to identify all Class Members.

3.    <u>Class Period</u>.  The **"Class Period"** is defined for each Class Member as the period during which the Class Member worked as an appraiser for Defendants and was paid on a recoverable draw system without receiving claimed applicable overtime premiums. The Class Period shall begin on the earlier of (1) August 16, 2016, or (2) the first day the Class Member was employed by Defendants, and shall end on the earlier of: (1) the date the Class Member separated employment with Defendants; or (2) the date the motion for final approval of the settlement is filed.

4.    <u>Effective Date</u>.  The settlement embodied in this Agreement shall become effective on the **"Effective Date,"** which is defined as the first business day after the last day of the period for appeal of the final order approving the Agreement in substantially its present form, or if an appeal has been filed, the date on which the appeal is dismissed or the order subject to appeal becomes final, including all conditions precedent and reserved rights as described herein.

Notwithstanding the foregoing, if the Parties agree in writing not to appeal following the final order approving the Agreement, the Effective Date shall be the first business day after date of the final order approving the Agreement.

5.    <u>Action</u>. **"Action"** shall refer to this lawsuit, *Patrick Bursey, et. al., v.* Cushman & Wakefield, Inc. and Cushman & Wakefield of Colorado, Inc., Civil Action No. 1:19-cv-2344, in the United States District Court for the District of Colorado.

## II.    SETTLEMENT AMOUNT

6.    <u>Total Payment to Bursey and Class Members</u>.  Defendants agree to pay up to $37,208.22 to Bursey and the Class to settle this action (the **"Settlement Amount"**).  This payment is exclusive of attorneys' fees and costs/expenses, which are discussed below in Section 9. Defendants shall not be required to set aside or deposit any amounts until the Effective Date after the Court has approved the settlement.  The Settlement Amount shall be allocated as follows:

   a.    A total of $20,667.84 to Bursey.  This amount is allocated as follows:

   i.    $2,294.58 as settlement for Bursey's claims arising under Colorado state law;

   ii.    $9,186.63 as settlement for alleged unpaid overtime wages to Bursey arising under the FLSA; and

   iii.    $9,186.63 as settlement for alleged liquidated damages to Bursey arising under the FLSA.

   b.    A total of $16,540.38 to the Class Members as settlement for their claims arising under **Colorado state law**, should they choose to participate in this settlement, as described in the procedure below.  The payment of this amount shall not impact the Class Members' FLSA claims in any way.  This amount is allocated as follows:

| Employee Number | Settlement Payment |
|---|---|
| 19 | $ 207.85 |
| 25 | $2,290.35 |
| 119 | $1,763.73 |
| 173 | $1,566.79 |
| 342 | $2,214.64 |
| 350 | $6,621.11 |
| 501 | $1,875.91 |
| **Total** | **$16,540.38** |

7.    <u>Fairness of Settlement</u>.  Class Counsel have conducted a thorough investigation into the facts of the case, including an extensive review of daily timecards, payroll records, other documents, and data produced by Defendants to Plaintiff, and have diligently pursued investigation and prosecution of Plaintiff's claims against Defendants.  Based on their own independent investigation and evaluation, Class Counsel is of the opinion that this settlement with

3

Defendants for the consideration and on the terms set forth in this Agreement is fair, reasonable, adequate, and in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, the defenses asserted by Defendants, and potential for certification to be denied. In making these determinations, Class Counsel and Plaintiff have not relied on any representations of Defendants or Defendants' Counsel that are not expressly stated herein. Defendants and Defendants' Counsel also agree the settlement is a reasonable and fair compromise of disputed issues.

8.    **Tax Allocation of Settlement Payments**.  Each Class Member's Individual Payment for Colorado State Wage Law Claims and Bursey's payments for his Colorado claims and FLSA unpaid wages shall be allocated as wage claims subject to tax withholdings. Plaintiff Bursey shall also have an additional check for liquidated damages pursuant to the FLSA. Plaintiff Bursey's liquidated damages shall be allocated as non-wage claims. Legally required payroll tax withholdings shall be deducted from the wage portion of each Class Member's Individual Payment, Bursey's payment for his Colorado claims, and Bursey's payment for unpaid wages under the FLSA, which shall be made net of these withholdings. All employer-paid and due taxes on the wage portions of this settlement shall be paid by Defendant. The FLSA liquidated damages portion of Bursey's settlement payment shall be paid without payroll deductions.

9.    **Attorneys' Fees**.  Class Counsel will file an unopposed motion to the Court for approval of attorneys' fees and costs  of no more than forty-two thousand dollars ($42,000) in attorneys' fees and no more than three thousand six hundred twenty-nine dollars and seventy-four cents ($3,629.74) in litigation expenses/costs.  No attorneys' fees and expenses/costs will be paid by Defendants until and unless the attorneys' fees and expenses/costs are approved by the Court. Plaintiff and Class Counsel shall not be entitled to any attorneys' fees or expenses/costs other than those awarded by the Court pursuant to this Agreement, up to the $42,000 maximum amount. Plaintiff and Class Counsel understand and acknowledge that any fee, expense, or cost payments made under this Paragraph will be the full, final, and complete payment of all attorneys' fees, expenses, and costs arising from or relating to the representation of Plaintiff, Class Members, or any other attorneys' fees, expenses, and costs associated with the investigation, discovery, and/or prosecution of this Action, including all settlement and any post-settlement issues following Final Approval. Nothing in this Paragraph shall preclude Plaintiff from appealing the allocation of Class Counsel's fees and expenses/costs should the sums awarded by the Court fall below those requested, but regardless of the amount awarded by the Court the settlement with Bursey and the Class Members shall remain final and binding.  The Parties acknowledge that the payment in this paragraph was separately negotiated from the payments that Bursey and the Class Members will receive under this agreement.

10.    **Tax Reporting**.  Defendants shall provide to each Class Member receiving (and accepting) an Individual Payment an IRS Form W-2 (for wages). Plaintiff Bursey will also receive an IRS Form 1099 for his payment for liquidated damages.  Class Counsel shall provide Defendants with a completed IRS Form W-9 following execution of this Agreement. Class Counsel, Plaintiff, and Class Members are not relying on any information provided by Defendants concerning the tax consequences of payments made under this Agreement.

VP/#41147116.4

11.    **Payment Date.**    Within twenty (20) business days of the Effective Date, Defendants shall mail to Defendants' Counsel the Class Members' Settlement Checks and all settlement funds as are approved by the Court according to the procedures set forth in this Agreement.  The Settlement Checks shall be mailed within three (3) business days of the date on the Settlement Check.

## III.    COURT APPROVAL

12.    **Court Approval**.  The Parties agree that Class Counsel shall file, and Defendants shall not oppose, an unopposed motion(s) which shall ask the Court to enter a Final Order as follows:

**a.**    Approving the settlement and this Agreement, adjudging its terms to be fair, reasonable and adequate;

**b.**    Approving the Parties' proposed Notice, in the form attached hereto as Exhibit A, and the Parties' proposed Release (included in the Notice), which Release shall be summarized on the back of each Settlement Check payable to each Class Member in the amount of his/her Individual Payment, in the form attached hereto as Exhibit B;

**c.**    Authorizing the mailing of the Notice and Settlement Checks to the Class Members;

**d.**    Approving Class Counsel's application for an award of attorneys' fees of not more than forty-two thousand dollars ($42,000) and reimbursement of expenses/costs of not more than three thousand six hundred twenty-nine dollars and seventy-four cents ($3,629.74);

**e.**    Approving the settlement of Bursey's FLSA claim only as the sole opt-in plaintiff under 29 U.S.C. § 216(b); and

**f.**    Dismissing this Action on the merits and with prejudice and permanently barring all Class Members who participate from prosecuting any Colorado state wage and hour claims under COLO. REV. STAT. § 8-4-101, *et seq.*, by acceptance of the Settlement Checks according to the terms of this Agreement.

## IV.    DUTIES OF THE PARTIES REGARDING NOTICE AND INDIVIDUAL PAYMENTS TO CLASS MEMBERS

13.    **Claims Administration**. Due to the limited size of the Settlement Class, Defendants' Counsel shall act as claims administrator, provided, however, that the Parties shall have the right to substitute a third-party claims administrator by mutual agreement (or by appointment of the Court in the event of a failure to agree). The claims administrator shall prepare a final accounting, to be distributed to the Parties one hundred and fifty (150) days after the Effective Date, logging all mailings, communications with Class Members in the course of claims administration, and the current status of any Notice, Settlement Check, or mailing to each Class Member (including returned as undeliverable, pending response, etc.). Defendants' Counsel shall

inform Class Counsel or the third-party claims administrator periodically of Settlement Checks negotiated by the Settlement Class to include in the final accounting.

14. **Address Records**. Defendants will provide to Defendants' Counsel all information reasonably necessary for Defendants' Counsel to provide notice of this settlement to the Class Members, including the name, last known address, phone number (if on file), and date of birth (alternatively, social security number), for each member of the Settlement Class.

15. **Distribution of Notice and Settlement Checks**. Within three (3) business days after receipt of the Settlement Checks from Defendants, Defendants' Counsel shall mail by U.S. Postal Service First Class Mail to each Class Member: (1) a Notice in the form attached as Exhibit A and approved by the Court, including any modifications made at the direction of the Court, and (2) a Settlement Check in the amount of that Class Member's final calculated Individual Payment, containing on its back the acknowledgment of the Release in the form attached as Exhibit B and approved by the Court, including any modifications made at the direction of the Court.

16. **Negotiation of Settlement Checks**. As explained in the Notice and Release (Exhibits A and B), each Class Member who endorses his/her Settlement Check and presents it for payment within one hundred and twenty (120) days of the date printed on the Settlement Check will thereby be part of the Settlement Class, will be bound by the Release as stated in the Notice and acknowledgment on the back of their Settlement Check, and will be bound by this Court's dismissal with prejudice. Any Class Member who does not endorse his/her Settlement Check and present it for payment within one hundred and twenty (120) days of the date printed on the Settlement Check will not be bound by the Release and shall not participate in this Action. The Settlement Checks shall bear on the front the language, "This check must be cashed within 120 days, after which it is void."

17. **Undeliverable Notices and Settlement Checks**. Any Notice or Settlement Check returned to Defendants' Counsel as undeliverable shall be sent to the forwarding address affixed thereto. If no forwarding address is provided, Defendants' Counsel shall perform a standard skip trace to attempt to determine the most current mailing address and shall resend the Notice to that address, and may further perform reasonable online searches or telephone calls to verify the current address of any Class Member whose Notice or Settlement Check was returned as undeliverable. The Parties agree that the deadlines contained herein shall not be extended for Class Members whose Notices were returned as undeliverable and re-mailed pursuant to this Paragraph.

18. **Notice to Counsel**. Within sixty (60) days after the original mailing of the Notice and Settlement checks, Defense Counsel will provide an accounting to Plaintiff's counsel of the number of endorsed checks and returned Notices, if any.

19. **Late Claims**. At Defendants' sole discretion, Defendants may choose to honor and pay any Settlement Check endorsed by a Class Member and presented for payment more than and one hundred and twenty (120) days from the date printed on the Settlement Check. If Defendants opt, in their sole discretion, to honor a late-negotiated Settlement Check, the Class Member will thereby receive his/her Individual Payment and be bound by the Release as acknowledged on the endorsed Settlement Check and the Court's dismissal with prejudice.

6

20.    **Unclaimed Funds**. Any portion of the Settlement Amount that remains unclaimed after the expiration of the Claims Period shall revert back to the Defendants and Defendants shall retain all such unclaimed funds. Any reversion shall not impact the valid consideration offered for this Agreement and the Class Members' Releases for whom checks were not unclaimed.  However, the Class Members who do not endorse their checks, do not release their claims.

## V.    RELEASE BY THE CLASS

21.    **Released Parties**. **"Released Parties"** means: (i) Defendants; (ii) any current or former subsidiary, parent company, successor, assign, or division of Defendants; and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by subsection (i) or (ii) hereof in any and all capacities (including, but not limited to, the fiduciary, representative, or individual capacity of any released person or entity).

22.    **Release**. Upon endorsing a Settlement Check, a Class Member, on behalf of the Class Member and the Class Member's heirs, representatives, successors, assigns, and attorneys, shall be deemed to fully release and forever discharge the Released Parties from **any and all Colorado State Law Wage Claims** for unpaid wages and hours of work, including but not limited to overtime, minimum wages, actual damages, liquidated damages, attorney's fees, costs, interest, and penalties. This release and waiver of the Released Claims shall be the **"Release"** in this Action. Each Class Member who endorses and presents for payment the Class Member's Settlement Check will, through the Class Member's endorsement on the Settlement Check, confirm the Class Member's consent to the Release. The Parties agree and acknowledge that the Release shall be binding upon endorsement of the Settlement Check by the Class Member, though the Settlement Check shall include only a summary approved by Class Counsel of provisions of the Release. Moreover, the Released Parties shall release any and all claims they may have against the Class Members upon endorsement by the Class Member of the Settlement Check. This Release does not include any FLSA claims the Class Member may have.  This Release does not prohibit the Class Members from filing a lawsuit, joining a lawsuit, or receiving compensation from a lawsuit regarding unpaid overtime or minimum wage pursuant to claims under the FLSA.

23.    **Excluded Claims**. The Release does not waive any rights that cannot be waived by law, including the Settlement Class Member's right to file a charge of discrimination with an administrative agency (such as the Equal Employment Opportunity Commission) and the right to participate in any agency investigation.

## VI.    RELEASE BY BURSEY

24.    **Release.**   In exchange for the consideration described in this Agreement, Bursey agrees to fully release the Released Parties from any claims he may have against the Defendants or any Released Party as of the date he signs this Agreement, whether such claims arise from common law, statute, regulation, or contract.  This release includes but is not limited to claims of whatever kind and nature, character, and description arising out of state, federal, or local law, or emanating from statute, executive order, regulation, code, common law or other source including, but not limited to, all actions sounding in tort, contract, and/or any doctrine of good faith and fair

7

dealing, whether known or unknown, and whether anticipated or unanticipated, arising from any fact, condition, circumstance, or occurrence whatsoever occurring at any time up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise including, but not limited to, any claims arising out of his employment with the Defendants or his separation from employment and all claims that the Released Parties:

**a.** violated public policy or common law (including, but not limited to, claims for defamation, breach of contract, intentional or tortious interference with contract or business relations, fraud, misrepresentation, conversion, promissory estoppel, detrimental reliance, wrongful termination, retaliatory discharge, assault, battery, personal injury, negligence, negligent hiring, retention or supervision, invasion of privacy, conspiracy, intentional or negligent infliction of emotional distress and/or mental anguish, or loss of consortium); or

**b.** violated the Defendants' personnel policies, procedures, or handbooks, violated any covenant of good faith and fair dealing, or violated any purported contract of employment, express or implied, between him and the Defendants; or

**c.** failed to provide him with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded, and/or paid, in whole or in part, by the Defendants; violated the terms of any such employee benefit plan; breached any fiduciary obligation with respect to such plan; discriminated against him for the purpose of preventing him from obtaining benefits pursuant to the terms of any such plan; or in any way violated any provision of the Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001, *et seq.*;

**d.** retaliated against or discriminated against him on the basis of national origin, race, color, ancestry, sex (including sexual harassment), pregnancy, religion, disability, handicap, age, sexual orientation, marital status, parental status, source of income, or any other basis in violation of any city, local, state or federal laws, statutes, ordinances, executive orders, regulations or constitutions, or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations or constitutions including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (effective only upon Court approval of this individual Release Agreement), the Equal Pay Act, 29 U.S.C. § 206(d), the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621, *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

## VII.    MISCELLANEOUS

**25.    Mutual Full Cooperation.** The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement and to take such other action as may be reasonably necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their

VP/#41147116.4

best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein.  As soon as practicable after execution of this Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's final approval of this Agreement.  In the event that the Court makes or requires material changes to this Agreement as a condition of final approval of the settlement of this Action, the Parties will negotiate appropriate revisions in good faith and resubmit the Agreement for the Court's approval.

26. **No Admission**.  Nothing contained herein, nor the consummation of this Agreement, is to be construed or deemed or offered as evidence of an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants or any Released Parties, who expressly deny any liability, wrongdoing, impropriety, responsibility or fault whatsoever.  In addition, nothing about this Agreement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying a class in this Action or any other action.

27. **Enforcement**.  Any claim that a Party to the Agreement is in breach of the Agreement shall be filed exclusively in the United States District Court for the District Court of Colorado.

28. **Governing Law**.  All terms of this Agreement shall be governed by and interpreted according to the laws of the State of Colorado and the United States of America, where applicable.

29. **Notices**.  Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder by any party to this Agreement shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by first class or certified mail, or overnight carrier, return receipt requested, addressed as follows:

**To the Plaintiff Class:**

John Neuman and/or Beatriz Sosa-Morris, Sosa-Morris Neuman, 5612 Chaucer Dr., Houston, Texas 77005.

**To the Defendants:**

Thomas H. Petrides, Vedder Price (CA), LLP, 1925 Century Park East, Suite 1900, Los Angeles, CA  90067; and

Thomas W. Snyder, Kutak Rock LLP, 1801 California Street, Suite 3000, Denver, CO 80202.

30. **Construction**.  The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive, arm's length negotiations between the Parties.  This Agreement has been drafted jointly by counsel for the Parties and shall not be construed in favor of or against any party.

VP/#41147116.4

31.   **Captions and Interpretations.**  Paragraph titles or captions are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of any provision of this Agreement.  Each term of this Agreement is contractual and not merely a recital.

32.   **Modification**.  This Agreement may not be changed, altered, or modified except in writing and signed by the Parties.

33.   **Integration**.  This Agreement, including Exhibits A and B hereto, constitutes the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein.  The Parties expressly acknowledge that they have not relied on any representations or promises not expressly contained in this Agreement.  No rights hereunder may be waived except in writing.

34.   **Binding Scope; No Prior Assignment**.  This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, and successors.  The Parties represent that they have not directly or indirectly assigned, transferred, encumbered to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth in this Agreement.

35.   **Excuse of Performance**.  Defendants shall not be liable for any delay or non-performance of its obligations under this Agreement arising from any act of God, governmental act, act of terrorism, war, fire, flood, explosion, or civil commotion.  Defendants shall not be liable for any reasonable delay of its obligations under this Agreement arising from a technology malfunction beyond its control or a total system failure.

36.   **Class Counsel Signatories and Parties' Authority**.  It is agreed that it is not practical or required to have each Class Member execute this Agreement.  The Notice and Release on Settlement Checks (Exhibits A and B hereto) will advise all Class Members of the binding nature of the Release and, if and when the Settlement Checks are signed by the Class Member, such shall have the same force and effect as if this Agreement were executed by each Class Member.  The signatories to this Agreement represent that they are fully authorized to enter into this Agreement and bind the Parties to the terms and conditions of the Agreement.  Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate and execute this Agreement and to take all appropriate action required to effectuate the terms hereof and to execute any other documents required to effectuate the terms of this Agreement.

37.   **Counterparts**.  This Agreement may be executed in one or more counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.  Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.  All executed copies of this Agreement, and photocopies thereof, shall have the same force and effect and shall be legally binding and enforceable as the original.

10

**38.** <u>Retained Jurisdiction</u>. The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the settlement of this Action, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of this Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Settlement Agreement and Release.

**For Plaintiff:**

Dated: __12/21/2020__    _____

Patrick Bursey, Representative Settlement Plaintiff

Dated: __12/21/2020__    **SOSA-MORRIS NEUMAN, PLLC**

By: *Beatriz Sosa-Morris*
_____
Beatriz Sosa-Morris

Counsel for Plaintiff Patrick Bursey and the Settlement Class

**For Defendants:**

Dated: _____    **CUSHMAN & WAKEFIELD, INC.**

By: _____

Printed Name: _____

Title: _____

11

38. **Retained Jurisdiction**. The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the settlement of this Action, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of this Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Settlement Agreement and Release.

**For Plaintiff:**

Dated: _____      _____
                                    Patrick Bursey, Representative Settlement Plaintiff

Dated: _____      **SOSA-MORRIS NEUMAN, PLLC**

                                    By: _____
                                        Beatriz Sosa-Morris

                                    Counsel for Plaintiff Patrick Bursey and the
                                    Settlement Class

**For Defendants:**

Dated: _December 21, 2020_          **CUSHMAN & WAKEFIELD, INC.**

                                    By: _Ryan Lawrence_____

                                    Printed Name: _Ryan Lawrence_____

                                    Title: _Deputy General Counsel, Corporate_

Dated:  December 21, 2020          **CUSHMAN & WAKEFIELD OF**
                                   **COLORADO INC.**

                                   By:  *Ryan Lawrence*

                                   Printed Name:  Ryan Lawrence

                                   Title:  Deputy General Counsel, Corporate


Dated:  _____          **VEDDER PRICE (CA), LLP**


                                   By:  _____
                                        Thomas H. Petrides

                                   Counsel for Defendants Cushman & Wakefield, Inc.
                                   and Cushman & Wakefield of Colorado, Inc.


Dated:  _____          **KUTAK ROCK LLP**


                                   By:  _____
                                        Thomas W. Snyder

                                   Counsel for Defendants Cushman & Wakefield, Inc.
                                   and Cushman & Wakefield of Colorado, Inc.

VP/#41147116.4

Dated: _____

**CUSHMAN & WAKEFIELD OF
COLORADO INC.**

By: _____

Printed Name: _____

Title: _____

Dated: December 18, 2020

**VEDDER PRICE (CA), LLP**

By: _____

Thomas H. Petrides

Counsel for Defendants Cushman & Wakefield, Inc.
and Cushman & Wakefield of Colorado, Inc.

Dated: _____

**KUTAK ROCK LLP**

By: _____

Thomas W. Snyder

Counsel for Defendants Cushman & Wakefield, Inc.
and Cushman & Wakefield of Colorado, Inc.

12

Dated: _____

**CUSHMAN & WAKEFIELD OF COLORADO INC.**

By: _____

Printed Name: _____

Title: _____

Dated: _____

**VEDDER PRICE (CA), LLP**

By: _____
     Thomas H. Petrides

Counsel for Defendants Cushman & Wakefield, Inc. and Cushman & Wakefield of Colorado, Inc.

Dated:  December 21, 2020

**KUTAK ROCK LLP**

By: _____
     Thomas W. Snyder

Counsel for Defendants Cushman & Wakefield, Inc. and Cushman & Wakefield of Colorado, Inc.

12

## **Exhibit A Class Notice**

<Mailing Date>

Via First Class Mail
<Merge Address>

Re:    Settlement of Overtime Lawsuit against Cushman & Wakefield
       (*Bursey v. Cushman & Wakefield, Inc.*, No. **1:19-cv-2344**
       United States District Court for the District of Colorado)

Dear <Merge Name>,

I am pleased to announce that a wage and hour lawsuit against Cushman & Wakefield, Inc., and Cushman & Wakefield of Colorado, Inc. (collectively, "Cushman & Wakefield") as referenced above (the "Lawsuit"), has reached a settlement and you are entitled to participate in this settlement. Under the settlement, you are entitled to receive a settlement payment in the amount of **<Merge Class Member's Settlement Share Amount>,** subject to withholdings for taxes. This letter summarizes the terms of the settlement, explains your rights under the settlement, and informs you what you need to do in order to claim your settlement proceeds. Please read this letter carefully.

| **1.      Why did I receive this letter?** |
| :--- |

An appraiser in Colorado filed this lawsuit for unpaid overtime pursuant to the federal Fair Labor Standards Act ("FLSA") and Colorado state wage laws pursuant to the Colorado Wage Claim Act. The Lawsuit has been settled with respect to the Colorado state wage and hour claims only and that settlement has been approved by the Court as "fair, reasonable and adequate." The Court has authorized us to send this letter informing you of the steps you must take if you wish to claim your settlement proceeds. Accepting this settlement will not affect your rights to allege claims for unpaid overtime under federal laws such as the FLSA. Also, accepting this settlement will only release any Colorado state wage law claims you may have had. By accepting this settlement, you will not be prohibited from joining a lawsuit for overtime and minimum wage claims under the FLSA, filing your own lawsuit under the FLSA for overtime or minimum wage, or receiving compensation in a Federal Lawsuit for overtime and minimum wage. This settlement only affects your Colorado State Wage and Hour claims.

| **2.      What is the Lawsuit about?** |
| :--- |

The appraiser who brought this lawsuit claims that Cushman & Wakefield violated the Colorado Wage Claim Act by failing to pay appraisers overtime and minimum wage because under its draw against commission system, the plaintiff alleged that the draw was actually a loan and not a wage.

13

Cushman & Wakefield disagrees with the Plaintiff's legal claims and contends that it properly classified you as an exempt employee, paid all wages due to you in excess of minimum wage, and the Colorado state wage law does not apply because they are not in one of the industries covered by the act.

The Court did not decide who was right or who would win the lawsuit. By reaching a settlement, the Plaintiff and Cushman & Wakefield reached a resolution of their disputes and all parties avoided the costs associated with further litigation and the potential risk of losing the Lawsuit.

| 3. | **What is the settlement?** |
|---|---|

The settlement is a compromise. The settlement allows the parties to avoid the costs and risks of further litigation and appeals and it provides money to you and the other Class Members without significant delay. In reaching a settlement, Cushman & Wakefield denies that it violated any laws. Cushman & Wakefield states that it entered into the settlement agreement in order to amicably resolve this dispute on mutually agreeable terms.

So that we could determine the amounts payable to the class, Cushman & Wakefield produced the dates of employment and payroll data for each Class Member. We then analyzed the data to determine the amounts we believe each Class Member was owed. The amounts for each person were added together to determine the total amount for the class. Under the Settlement, each Class Member will receive an amount that is based upon a percentage of the Class Member's potential damages owed.

Because the settlement is considered back wages, applicable tax withholdings were taken from the settlement check and will be paid to the IRS on your behalf should you participate in this settlement. This information is not tax advice, and you should consult your tax adviser for information on proper reporting and deduction of all income. Further, this information is not intended or written to be used, and it cannot be used, for the purpose of (i) avoiding federal tax penalties that may be imposed by the Internal Revenue Service, or (ii) promoting, marketing, or recommending to another party any transaction or tax-related matter addressed herein.

| 4. | **How do I participate in the settlement?** |
|---|---|

Enclosed with this letter is a settlement check from Cushman & Wakefield to you. **To obtain your share of the settlement, please review this notice and endorse the enclosed settlement check with your legal signature prior to cashing, depositing, or assigning the check.**

If you wish to participate in the settlement, you must endorse the settlement check no later than _____ **[120 Days After the Date of the Settlement Check].** The settlement check is void 120 days after the date printed on the front of the check. **If you do not timely endorse and cash your settlement check, you will not be able to claim your settlement amount in this Lawsuit.**

14

If you do not wish to participate in the settlement, destroy your settlement check and do not endorse or deposit it.

| **5.** | **What do I give up by participating in the settlement?** |
|---|---|

If you endorse your settlement check and participate in the settlement, you are agreeing to release and forever discharge Cushman & Wakefield and all of its agents from all COLORADO wage and hour claims that you could have brought. You will be releasing these claims in exchange for your Settlement Payment. The full list of who is released if you participate in the settlement, is contained in Section 6 below and the complete settlement agreement of this Lawsuit. The reverse side of your settlement check only summarizes the claims that are released. If you endorse the settlement check, you are releasing all claims as set forth below. You may also contact us at the address listed in Section 7 below to receive a free copy of the complete settlement agreement in the Lawsuit.

You may receive a notice to join a different lawsuit for claims under federal law (including the Fair Labor Standards Act). Nothing in this settlement will prevent you from participating in those lawsuits or from filing your own lawsuit for federal wage and hour claims or recovering compensation from those claims.

By participating in this settlement, you do not waive any rights that cannot be waived by law. If you participate in this settlement, Cushman & Wakefield will not retaliate against you, whether or not you are a current employee.

| **6.** | **Release of Claims.** |
|---|---|

Upon endorsing a Settlement Check, a Class Member, on behalf of the Class Member and the Class Member's heirs, representatives, successors, assigns, and attorneys, shall be deemed to fully release and forever discharge the Released Parties from **any and all Colorado State Law Wage Claims** for unpaid wages and hours of work, including but not limited to overtime, minimum wages, actual damages, liquidated damages, attorney's fees, costs, interest, and penalties. This release and waiver of the Released Claims shall be the **"Release"** in this Action. Each Class Member who endorses and presents for payment the Class Member's Settlement Check will, through the Class Member's endorsement on the Settlement Check, confirm the Class Member's consent to the Release. The Parties agree and acknowledge that the Release shall be binding upon endorsement of the Settlement Check by the Class Member, though the Settlement Check shall include only a summary approved by Class Counsel of provisions of the Release. Moreover, the Released Parties shall release any and all claims they may have against the Class Members upon endorsement by the Class Member of the Settlement Check. This Release does not include any FLSA claims the Class Member may have. This Release does not prohibit the Class Members from filing a lawsuit, joining a lawsuit, or receiving compensation from a lawsuit regarding unpaid overtime or minimum wage pursuant to claims under the FLSA.

**"Released Parties"** means: (i) Defendants; (ii) any current or former subsidiary, parent company, successor, assign, or division of Defendants; and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee

15

benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by subsection (i) or (ii) hereof in any and all capacities (including, but not limited to, the fiduciary, representative, or individual capacity of any released person or entity).

The Release does not waive any rights that cannot be waived by law, including the Settlement Class Member's right to file a charge of discrimination with an administrative agency (such as the Equal Employment Opportunity Commission) and the right to participate in any agency investigation.

| 7. | Who are the attorneys for the Plaintiff in this case? |
|---|---|

We are John Neuman and Beatriz Sosa-Morris of Sosa-Morris Neuman, PLLC, the attorneys for the Plaintiff and the class in this Lawsuit. Our contact information is as follows:

> John Neuman (jneuman@smnlawfirm.com)
> Beatriz Sosa-Morris (bsosamorris@smnlawfirm.com)
>
> Sosa-Morris Neuman Attorneys at Law
> 5612 Chaucer Dr.
> Houston, Texas 77005
> Phone: 281-885-8844
> Fax: 281-885-8813

Feel free to contact us as your attorneys about any questions you may have with the settlement.

| 8. | Conclusion |
|---|---|

This letter summarizes the most important aspects of the Settlement. You may obtain a free copy of the entire settlement agreement as well as the underlying Court pleadings by contacting us at the address listed above.

It has been our privilege to represent your interests in this Lawsuit. If you have any questions about this Settlement, please do not hesitate to give us a call. We are always available to talk with you.

This Notice is not an expression by the Court of any opinion on the merits of Plaintiff's claims or on Cushman & Wakefield's defenses. Please do not call or write the Court or the Clerk of the Court, as they cannot answer questions concerning the Lawsuit.

Sincerely,

/s/ John Neuman
John Neuman

16

VP/#41147116.4

## **Exhibit B: Release Language**

I understand that by endorsing this Settlement Check I am giving up important legal rights under the Colorado state wage laws. I have had an opportunity to review the Release of Claims as set forth in the Class Notice in the Bursey Action, and specifically agree to release all claims identified in the Notice.

17